State *ex rel.* Baber *v.* Nolan.

8L 399
11L 164

STATE, *ex rel.* W. H. BABER *v.* J. N. NOLAN, Comp'er.

TRUSTEE. *Fees. Sale of land for taxes.* A county trustee is not entitled to a fee of fifty cents for the sale of each tract of land for taxes due in 1879–80.

### FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. F. T. REID, J.

J. W. BLACKMORE for Baber.

SAMUEL WATSON and ATTORNEY-GENERAL LEA for Comptroller.

DEADERICK, C. J., delivered the opinion of the court.

This is a petition for *mandamus* to compel the comptroller, Nolan, to pay the relator, Baber, trustee of Sumner county, fifty cents each for the sale of numerous tracts of land for taxes due in 1879 and 1880. The defendant demurred because,

1st. The proceeding was a suit against the State, which cannot be maintained.

2d. Because there is no law authorizing the relator (Baber) to charge fifty cents, or any other sum, for the sale of each separate tract of land for taxes.

The court held the second ground of demurrer to be well taken and dismissed the petition, from which judgment the said Baber appeals.

The act of 1875, entitled "An act more cheaply

to collect State, county and municipal revenue," abol-
ished the office of collector of said revenue, and made
the county trustee collector of the same.

The 10th section of that act, as compensation for
his services, allows him a per centage on his collections.
The 21st section of the act provides that the trustee
shall receive no fee, commission or compensation for
his services under this act other than is therein spe-
cified. And the 23d section of the act declares that
said trustee shall not be entitled to receive or retain,
under any pretext whatever, any commissions, fees,
emoluments, or other compensation except as herein
especially specified and declared.

The sheriff, as collector of taxes, had been allowed
fifty cents for the sale of each tract of land for taxes.
But no such fee is provided by the act of 1875 for
the trustee, whose duty it became by that act to col-
lect the revenue for the State, counties and munici-
palities. And it is very clearly declared by that act,
that for the services incident to the collection of taxes
his compensation should be commissions on collections,
fixed by the act, and in no other mode.

It is argued that the act of 1879, which amends
the act of 1875, recognizes the right of the trustee to
this fee of fifty cents, and to that extent amends the
act of 1875. The amendment made by the act of
1879, relieves the trustee of certain duties imposed by
the act of 1875, and directs that he shall make a
report of lands of delinquents, and gives the form of
such report, which it declares shall be sufficient, to-wit:
"One tract or lot of land of —— acres, lying in civil

district No. ——; valued at $——; taxes ——; clerk's fees $1; trustee's fee, fifty cents; total, $——."

Section 5 of the act declares that the clerk should be allowed one dollar for each tract of land in the trustee's report, for docketing the same, but it does not declare that any further allowance than that provided by the act of 1875, should be allowed to the trustee.

Section 6 of the act gives the form of the trustee's report, and by way of illustrating gives the item, "trustee's fee, fifty cents," perhaps under the idea that such a fee was allowed by previous legislation. But it does not purport to be a legislative enactment, or declaration that such a fee shall be allowed to the trustee, but merely a form for a report, which will be deemed sufficient. So it is not especially provided by law that the trustee is entitled to such a fee. Sec. 4517 of the Code declares that "no officer is allowed to demand or receive fees, or other compensation for any services, further than is especially provided by law."

If it had been the intention of the Legislature of 1879, to enact that the trustee should have the fee of fifty cents, it would have been most natural to have placed the declaration in sec. 5, where it is enacted that the clerk shall have a fee of $1, and not in the form prescribed for a report by the trustee, in sec. 6, where the items are blanks, except the clerk's fees and trustee's fee.

We are of opinion that there is no law providing that trustees shall have this fee of fifty cents, and the judgment below is affirmed.